

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

| | | |
|---|---|---|
| DEREK MAXWELL, | ) | No. ED111647 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Audrain County |
| vs. | ) | Cause No. 19AU-DR00007 |
| | ) | |
| CHRISTINA MAXWELL | ) | Honorable Michael S. Wright |
| | ) | |
| | ) | |
| Appellant. | ) | FILED: April 23, 2024 |

### Opinion

Christina N. Maxwell (Mother) appeals from the trial court's judgment of dissolution granting sole legal and physical custody to Derek W. Maxwell (Father) of the parties' three minor children from their marriage. The dispute now before this Court arose when, just before trial, Mother sought to consent to the entry of judgment adopting the relief Father requested in his initial petition filed three years earlier – specifically joint legal and physical custody according to a parenting plan Father had proposed.

In her sole point on appeal, Mother contends the trial court erred by failing to enter such judgment upon her consent and by proceeding with trial because the court lacked jurisdiction after Mother consented to judgment as prayed in Father's petition. We affirm the judgment because at the time of trial, the parties were no longer in agreement as to the custody arrangements and the trial court was not bound by Mother's wishes but instead had the duty,

which it properly executed here, to determine custody arrangements that are in the best interest of the child, and to consider the factors enumerated in section 452.375.2 [1]

## Background

Mother and Father were married in August 2008. In February 2019, Father filed a petition for dissolution and a proposed parenting plan seeking joint legal and physical custody of the children. Mother filed an answer and counter-petition for dissolution, as well as a proposed parenting plan, which also sought joint legal and physical custody of the children. In March 2021, Father moved to appoint a guardian ad litem (GAL) for the children to which Mother consented.

On October 26, 2021, pursuant to Mother and Father's joint request, the trial court issued its *pendente lite* order of joint legal and physical custody. On June 8, 2022, Father moved to modify that order alleging that for the best interests of the children Mother should have little or no contact with them. The trial began on September 1, 2022, and the court considered evidence and testimony over the course of four trial days spread over 4 months. Before the introduction of any evidence, Mother's counsel informed the court that Mother consented to judgment as pled in Father's 2019 original petition and proposed parenting plan. The GAL objected to the entry of such judgment and Father likewise objected because he no longer sought the custody agreement outlined in his initial pleadings and he planned to submit an amended parenting plan during trial. The court rejected Mother's offer to consent to the original petition and parenting plan, and proceeded with trial. On the second day of trial, the court exercised its discretion in the best interest of the children and modified its *pendente lite* order granting Father *sole* physical custody.

---

[1] All further statutory references are to RSMo (Cum. Supp. 2021).

Each child's counselors testified that the children should reside with Father and have either limited contact or supervised contact with Mother. The GAL recommended the children reside with Father, who had relocated out of state, and that they be allowed visitation with Mother one weekend per month during the school year, and that two of the children have extended time with Mother during the summer with specific parameters in place during the visitation period. The GAL also recommended that Mother have access to the children's medical, counseling, and school records and if this required Mother to be awarded joint legal custody, the GAL agreed with that.

Trial concluded on December 13, 2022. On March 19, 2023, the court issued its judgment and decree of dissolution of marriage, awarding Father sole legal and physical custody of the children. On April 18, 2023, Mother filed her motion to reconsider which was denied. This appeal follows.

## Standard of Review

Our review of a trial court's judgment regarding child custody is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Tompkins v. Baker*, 997 S.W.2d 84, 88 (Mo. App. W.D. 1999). Thus, we will affirm the judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or the court erroneously applies or declares the law. *Id*. at 88-9.

## Discussion

In her only point on appeal, Mother alleges that the trial court erred by going to trial in this case because the trial court should have simply entered judgment, upon Mother's stated consent, for the relief sought in Father's original petition consisting of joint legal and physical custody and the parenting plan Father had originally proposed. We disagree. The trial court

3

correctly proceeded to the trial of this case because even when parties have stipulated or consented to custody arrangements, the court has an independent duty to ensure that those custody arrangements are in the best interests of the children. Missouri Revised Statute Section 452.375.2 enumerates eight factors that the court must consider when making a custody evaluation, of which only one is the wishes of the parents as to custody. *Haden v. Riou*, 37 S.W.3d 854, 865 (Mo. App. W.D. 2001). Thus, the trial court had the duty to make its own custody determination and the authority to enter a child custody order different from that to which Mother may have consented.

We are guided by the principles set forth in *Tompkins*, 997 S.W. 2d at 89, in which the court examined the effect of the parties' custody stipulation in a paternity action. There, the parties appeared with counsel and entered on the record their stipulation as to custody and visitation. *Id.* at 86. Neither party objected, and the court issued its written order adopting the stipulation. *Id.* at 86-87. Sometime later, Father claimed he misunderstood the stipulation, no longer agreed with it, and wanted a trial. *Id.* at 87.

Although the parties in *Tompkins* were never married, the court likened their on-the-record stipulation to a marital separation agreement and acknowledged that while parties may enter into an agreement or stipulate as to maintenance, property distribution, and custody, the trial court still has the responsibility to make an independent determination of whether a particular custody arrangement is in the best interests of the child. *Id*. at 89-90. Thus, the fact that the parties have an agreement as to custody does not relieve the trial court of this duty. *Id*. at 91; Section 453.325.2.

4

Consequently, in the case at bar the court properly refused to enter judgment upon Mother's consent and instead made its own custody determination based on the evidence of what was in the best interests of the children. *Haden*, 37 S.W.3d at 865.

Moreover, the facts at bar are even more compelling than the facts in *Tompkins,* as Mother here cannot demonstrate an agreement with Father, only that three years earlier at the inception of the litigation the parties were seemingly in agreement as to the custody arrangements. Initially, in 2019 when the petition for dissolution was filed, both Mother and Father filed proposed parenting plans seeking joint legal and physical custody of the children. However, as the proceedings developed, Father became concerned that such custody would not be in the best interests of the children. The record indicates that at the time of trial Father was no longer agreeable to joint legal and physical custody of the children. Following his initial petition and proposed parenting plan, he sought appointment of a GAL on behalf of the children, modification of the temporary custody order granting joint custody to Mother and Father, and he ultimately filed an amended proposed parenting plan seeking sole legal and physical custody of the children. Father also testified at trial that he desired sole legal and physical custody of the children.

At trial, the testimony of one of the children and their half-sibling, the children's counselors, their former middle school principal, and Father supported the conclusion that joint legal and physical custody no longer served the children's best interests. After hearing the evidence and considering each factor enumerated in Section 452.375, the trial court issued a detailed judgment finding it was in the best interests of the children that Father have sole legal and physical custody.[2] Point one on appeal is denied.

---

[2] Mother's sole point on appeal challenges only the trial court's decision to proceed with trial in light of her consent to judgment on Father's original petition and proposed parenting plan and not whether the judgment was supported

**Conclusion**

For the reasons set forth above, we affirm the trial court's judgment.

_Rebeca Navarro-McKelvey_
Rebeca Navarro-McKelvey, J.

Thomas C. Clark, II., C.J., and
Cristian M. Stevens, J., concur.

---

by substantial evidence; however, the record here reflects the judgment was supported by substantial evidence and was not against the weight of the evidence.